**Kyriacos Fivos GEORGIADES, Plaintiff–Appellant,**

v.

**LONG BEACH POLICE DEPARTMENT; et al, Defendants–Appellees.**

No. 01–56823.

D.C. No. CV–96–06933.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted July 22, 2002.*

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM**

Kyriacos Fivos Georgiades, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging that defendants violated his right to a post-arrest telephone call and illegally searched his home and seized property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni,*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm in part, reverse in part, and remand.

■ Under California state law, arrestees are entitled to make three completed telephone calls: one to an attorney, one to a bail bondsperson, and one to a relative or other person. Cal.Penal Code § 851.5. These phone calls are supposed to be free when made within the local dialing area. *Id.* The right secured by this statute gives rise to a liberty interest protected by the Fourteenth Amendment's Due Process Clause. *Carlo v. City of Chino,* 105 F.3d 493, 497 (9th Cir.1997).

Defendants presented evidence that Georgiades had access to an inmate phone to contact bail bondsmen, the Police Compliance Commission, the Los Angeles County Public Defender, and the jail supervisor and access to a pay phone that both accepted money and allowed collect calls. Georgiades testified at deposition that he did not have access to "any type of legal service, any referral service or attorney phones" and that the pay phone permitted collect calls only.

■ We conclude that there is a genuine issue of material fact as to whether Georgiades had access to a phone that allowed him to make a free call to an attorney. We further conclude that the record demonstrates Georgiades was denied access to a phone that would allow him to make a free call to a relative or other person. Accordingly, the district court erred in granting summary judgment for defendants on Georgiades' claim that his right to a post-arrest phone call was violated. *See Carlo,* 105 F.3d at 497, 500.

According to defendants' own evidence, the jail's phone system did not provide arrestees with a free phone call to a relative or friend. Given this inadequacy in the phone system, in light of the statutory scheme, even if defendants had granted Georgiades access to directory assistance or his personal phone book, his rights would have been violated. Thus, we express no opinion on the district court's conclusion that defendants had no affirmative obligation to provide Georgiades access to directory assistance or his personal phone book. Because the phone system itself was statutorily deficient, we cannot know who Georgiades might have called during his detention if he had had access to a phone which allowed free calls to a friend or relative.

■ Insofar as Georgiades alleged that defendants illegally searched his home and seized property which was used against him at his criminal proceedings, his claims are precluded because his criminal charges have not been expunged. *See Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir. 2000).

We reject Georgiades' remaining contentions and deny all pending motions.

Appellees shall bear the costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**